[Cite as *Bank of New York Mellon Trust Co. Natl. v. Mihalca*, 2012-Ohio-567.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BANK OF NEW YORK MELLON TRUST
COMPANY NATIONAL

     Appellee

     v.

CORNELIU MIHALCA, et al.

     Appellants

C.A. No.     25747

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2010-05-3657

DECISION AND JOURNAL ENTRY

Dated: February 15, 2012

MOORE, Judge.

**{¶1}** Appellants, Corneliu & Liana Mihalca, appeal the ruling of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

**{¶2}** On May 20, 2010, Appellee, Bank of New York Mellon Trust Co., ("Bank of New York" or "the Bank"), filed a complaint for foreclosure against the Mihalcas and for personal judgment against Mr. Mihalca. In the first count of the complaint, Bank of New York alleged that it was the holder of a mortgage executed by the Mihalcas and of a promissory note executed by Mr. Mihalca. Bank of New York attached a purported photocopy of the note and mortgage to the complaint. The copy of the note named Equifirst Corp. as the payee. Attached to the copy of the note was a copy of an endorsement by Equifirst to Barclays Bank, PLC, and a copy of an allonge endorsed by Barclays making the note payable to Bank of New York. Along with its complaint, Bank of New York filed a "Certificate of Readiness" in which the Bank's

counsel affirmed that, to the best of her knowledge, Bank of New York then had "in its custody and control the original note and mortgage, and said documents [we]re available for inspection upon order of the Court."

{¶3}   On June 11, 2010, the Mihalcas filed an answer, in which they demanded to inspect the original note.   Bank of New York, not having produced the original note for inspection, filed a motion for summary judgment on July 28, 2010.  In support of its motion, the Bank submitted an affidavit signed by an individual named Joyce Nelson who attested that she was the Assistant Secretary for Barclays Capital Real Estate, Inc., which she named as the "attorney in fact for [Bank of New York]."  Within the affidavit, Nelson stated that Bank of New York was then "the holder and payee of the Note and Mortgage[.]"  Nelson further stated that she had personal knowledge of the matters contained within her affidavit.

{¶4}   In their response to Bank of New York's motion and cross-motion for summary judgment, the Mihalcas simultaneously set forth that summary judgment should be precluded in favor of the Bank and should be granted in favor of the Mihalcas because the Bank failed to establish an essential element of its claim, namely: possession of the original note.  In support, the Mihalcas argued that the Bank had not produced the original note for inspection despite repeated requests.  The Mihalcas also challenged Nelson's affidavit on the basis of her alleged personal knowledge of the purported facts.

{¶5}   On November 30, 2010, the trial court awarded summary judgment to Bank of New York, denied summary judgment to the Mihalcas, and directed the Bank to submit a proposed judgment entry decree of foreclosure within thirty days. Bank of New York prepared a decree of foreclosure and submitted it to the trial court; however, the Bank did not forward a copy of the decree to the Mihalcas or their attorney prior to its submission to the court.  The trial

court approved the decree of foreclosure, which was entered on the docket on December 21, 2010.

**{¶6}** The Mihalcas timely appealed the decree of foreclosure and present two assignments of error for our review.

II.

## **ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF [BANK OF NEW YORK] AND DENYING THE MOTION FOR SUMMARY JUDGMENT OF THE [MIHALCAS].

**{¶7}** In their first assignment of error, the Mihalcas argue that the Bank failed to prove its present possession of the note, which precluded summary judgment in favor of the Bank. We agree. The Mihalcas further contend based upon the Bank's failure to prove possession of the note, summary judgment should have been granted in their favor. With regard to this argument, we do not agree.

**{¶8}** We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stow-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶9}** Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶11} "The failure to prove who [i]s the real party in interest create[s] a genuine issue of material fact that preclude[s] summary judgment." *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 11 (9th Dist.), quoting *Everhome Mtge. Co. v. Rowland*, 10th Dist. No. 07AP-615, 2008-Ohio-1282, ¶ 12. Pursuant to Civ.R. 17(A), standing to prosecute a suit is limited to the "real party in interest." A "real party in interest" is one who is directly benefited or injured by the outcome of the case. *Shealy v. Campbell*, 20 Ohio St.3d 23, 24 (1985). "The purpose behind the real party in interest rule is to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter." (Internal citations and quotations omitted.) *Id.* at 24-25.

{¶12} Generally, in foreclosure cases, "the real party in interest is the current holder of the note and mortgage." *U.S. Bank,* at ¶ 13, quoting *Everhome*, at ¶ 12; *see, also*, R.C. 1303.31(A)(1). A "holder" of a note made payable to an identified person is that person when in possession of the note. R.C. 1301.201(B)(21)(a). In certain instances, a nonholder in possession of a note may be entitled to enforce the note. R.C. 1303.31(A)(2). Under limited circumstances, a person not in possession of a note due to loss may be entitled to enforce the note. R.C.

1303.31(A)(3); R.C. 1303.38(B). However, in accordance with the policy underlying the real-party-in-interest rule, a court may not enter judgment in favor of a person who has lost a note "unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument." R.C. 1303.38(B).

{¶13} Here, Bank of New York alleged that it was the "holder" of the note. The purported photocopy attached to its complaint shows the note payable to Bank of New York through the last allonge. Therefore, Bank of New York would have been required to possess the original note in order to establish itself as the real party in interest by way of holder status.

{¶14} However, the Mihalcas questioned the Bank's possession of the note beginning with their answer, wherein they made a timely request to inspect the original note. The record does not indicate that the Bank had produced the note as of the date on which the trial court ordered summary judgment, which was over five months after the Mihalcas' initial request. Based upon this course of events, doubt arose as to the Bank's possession of the note, which was a question of material fact.

{¶15} In support of its alleged current possession of the note, Bank of New York produced Nelson's affidavit, wherein she averred that the Bank is "the holder" of the note. The Mihalcas challenged Nelson's personal knowledge of the facts contained in her affidavit within their argument that the affidavit is insufficient to merit summary judgment.

{¶16} Pursuant to Civ.R. 56(E), affidavits submitted in support of, or in opposition to, a motion for summary judgment must be "made on personal knowledge[.]" "Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies th[is] Civ.R. 56(E) requirement[.]" *Bank One, N.A. v.*

*Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *State, ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459 (1981). However, "[i]f particular averments contained in an affidavit suggest it is unlikely that the affiant has personal knowledge of those facts, then * * * something more than a conclusory averment that the affiant has knowledge of the facts would be required." *Bank One* at ¶14, quoting *Merchants Natl. Bank v. Leslie*, 2d Dist. No. 2072 (Jan. 21, 1994).

{¶17} The Fifth District reviewed an affidavit produced to support summary judgment that is similar to the affidavit at issue here. *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. No. 2010-CA-00291, 2011-Ohio-3202. In that case, Wachovia submitted an affidavit "signed by Noriko Colston, who identified herself as an assistant secretary of Barclay's Capital Real Estate, Inc., dba HomEq Servicing, as attorney in fact for Wachovia Bank of Delaware." *Id.* at ¶ 24. On the issue of personal knowledge, the Fifth District noted that, although the affiant stated that "she ha[d] personal knowledge of all the facts contained in her affidavit,[ ]she merely allege[d] she [wa]s an assistant secretary of Barclay's, without elaborating on how her position with the company relate[d] to or ma[d]e[ ]her familiar with the appellant's account records." *Id.* at ¶28. Similarly, here, Nelson identified herself as an assistant secretary of Barclay's, as attorney in fact for Bank of New York. Although she stated that her "affidavit was given from personal knowledge gained in the ordinary course of business," she failed to state how her position at Barclay's made her familiar with the Mihalcas' account records. *See id.* This failure to expound upon the nature of Barclay's relationship to account-holder records of Bank of New York and the broad averment that the Bank was "the holder" of the note, suggests it is unlikely that the she had personal knowledge of the Bank's current possession of the note.

7

{¶18} We conclude that the affidavit here was insufficient to overcome the doubt that the Bank lacked current possession of the note for purposes of summary judgment. All doubt must be resolved in favor of the nonmoving party at the summary judgment stage of proceedings. *See Viock*, 13 Ohio App.3d at 12. Therefore, resolving all doubt in favor of the Mihalcas, we conclude that a genuine issue of material fact existed as to the Bank's current possession of the note, and accordingly, as to whether it was the holder of the note and the real party in interest. Therefore, summary judgment should have been precluded in favor of the Bank.

{¶19} Nothing in this opinion should be read to suggest a requirement that foreclosure complaints may only be filed with original notes and mortgage documents. In many cases photocopies are filed with the trial court, and the defendant does not timely demand inspection of the original. In such cases, doubt that the plaintiff has current possession would not necessarily arise. However, where, as here, a plaintiff attempts to enforce a note as the holder of the note, and a defendant makes a timely demand for inspection of the original note, if the plaintiff fails to sufficiently establish its possession of the note, summary judgment may not be had in favor of the plaintiff.

{¶20} As to the Mihalcas' motion for summary judgment, we conclude that the trial court properly denied summary judgment. In reviewing the Mihalcas' motion, we must construe the evidence in the light most favorable to the Bank, as the nonmoving party. In support of their motion, the Mihalcas set forth their attorney's affidavit, wherein he recited three attempts he had made in August and September of 2010 to inspect the original note. Mihalcas' counsel further attached a letter that he received from the Bank's counsel indicating that counsel had requested the original note from the Bank and would inform Mihalcas' counsel once the original was received so that inspection could be scheduled.

{¶21} Although the Mihalcas' motion raises doubt as to the Bank's possession of the note, a party may not discharge its initial summary judgment burden without specifically pointing to some evidence of the type listed in Civ.R. 56(C) which demonstrates that the nonmoving party has "no evidence" to support the nonmoving party's claims. *Dresher*, 75 Ohio St.3d at 293. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* Civ.R. 56(C) provides in part that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶22} Here, the pleadings demonstrate that the Bank filed a purported copy of the note and alloneges attached to its complaint. If the photocopy is an accurate depiction of the original document, the note is payable to the Bank. Thus, the Bank would have to prove its possession of the note to have the holder status that it claimed. *See* R.C. 1301.201(B)(21)(a) (holder of a note payable to an identified person is that person when in possession of the note). In their answer, the Mihalcas denied that the Bank was the holder of the note. The Mihalcas' motion for summary judgment established that the Bank had not produced the note after repeated requests. The Mihalcas noted in their request for leave to respond to summary judgment, that the Bank's failure to produce the note combined with the passage of time allowed an "inference [to arise] that the [Bank was] not now and perhaps never [was] in possession of the original note." However, summary judgment is not the proper stage in proceedings to resolve questions of fact. *See Viock*, 13 Ohio App.3d at 15 ("It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist.")

{¶23} Thus, viewed in a light most favorable to the Bank, the record demonstrates that a question existed as to possession of the original note, and the Mihalcas' motion and supporting affidavit failed to establish the absence of this question.

{¶24} Accordingly, we conclude that the Mihalcas' motion failed to satisfy their initial summary judgment burden of demonstrating the absence of a question of material fact. Therefore, summary judgment in their favor was properly denied by the trial court.

{¶25} Therefore, the Mihalcas' first assignment of error is sustained inasmuch as it challenges the grant of summary judgment to Bank of New York.

## ASSIGNMENT OF ERROR II

DID THE TRIAL COURT ERR IN APPROVING AND ENTERING A JUDGMENT ENTRY SUBMITTED BY [BANK OF NEW YORK] WITHOUT GIVING THE [MIHALCAS] NOTICE AND AN OPPORTUNITY TO OBJECT IN VIOLATION OF LOCAL RULES.

{¶26} Although our holding as to the first assignment of error renders the second assignment of error moot, we wish to briefly address the latter. Bank of New York concedes that it submitted the proposed entry to the trial court without first circulating the entry to the Mihalcas. The Mihalcas claim that the failure to circulate the entry prior to its submission to the trial court violated the Local Rules of the Summit County Court of Common Pleas ("Loc.R."), specifically Loc.R. 7.17(B). This rule provides,

> Within ten (10) days after finding or verdict, prevailing counsel shall, and other counsel may, provide to opposing counsel, a copy of a proposed order together with a notice that said order will be submitted to the Court for approval and filing at a time to be assigned by the Court, at which time the Court shall determine the content of the judgment order.

Loc.R. 7.17(B).

{¶27} This rule creates a mandate upon the prevailing party to circulate the proposed judgment entry to the opposing party prior to the submission of the entry to the trial court. "The

term 'shall' is a mandatory one, and will not be construed as permissive unless a contrary intention clearly appears." *In re Murphy*, 9th Dist. No. 15037, 1991 WL 191760 (Sept. 25, 1991), citing *Dennison v. Dennison*, 165 Ohio St. 146, 149 (1956). Nothing in Loc.R. 7.17(B) creates a clear intention that "shall" should be construed in any way other than to create a mandate.

{¶28} Therefore, based upon the Local Rules, Bank of New York was required to circulate the journal entry to the Mihalcas prior to submission of the entry to the trial court.

## III.

{¶29} Accordingly, the Mihalcas' first assignment of error is sustained in part and overruled in part. The Mihalcas' second assignment of error is rendered moot. Judgment is affirmed in part, reversed in part, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, P. J.
CONCURS IN PART, AND DISSENTS IN PART, SAYING:

{¶30} I concur with the majority's conclusion that the trial court erred in granting summary judgment to the Bank. However, I respectfully dissent from the majority's judgment that the trial court correctly denied Mr. and Mrs. Mihalca's motion for summary judgment.

{¶31} In the vast majority of cases involving foreclosures, it is the bank that moves for summary judgment. As such it must demonstrate an absence of material fact as to all of the elements of its claim. Thus, it makes sense that if when the bank moves for summary judgment it cannot establish that it is the real party in interest, a genuine issue of material fact remains preventing the bank from succeeding on summary judgment. See *U.S. Bank, N.A. v. Richards,* 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 13 (9th Dist.). However, when the *defendant* in a foreclosure case moves for summary judgment, the defendant may challenge the existence of evidence which is necessary for the bank to prevail on its claim and upon which the *bank* has the burden of proof.

12

**{¶32}** In this case, the Mihalcas filed a motion for summary judgment in which they claimed that the Bank had no evidence that it was the holder of the note. The Bank had the ultimate burden to demonstrate it was the holder of the note, and in reply to the Mihalcas' summary judgment motion, it had the reciprocal burden to present evidence establishing its entitlement to recover on the note. *See Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * * However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

(Emphasis sic.) *Id.*

**{¶33}** In the Mihalcas' answer to the complaint, they denied that the Bank was the holder of the note. Moreover, in their motion for summary judgment, the Mihalcas did not simply make a conclusory assertion that the Bank could not prove its case; they specifically asserted that the Bank could not prove its case because it had not established that it was the holder of the note. They pointed to evidence that, for a number of months their counsel demanded the production and inspection of the original note and that notwithstanding, the note had not been produced. Attached to the Mihalcas' response to the Bank's summary judgment motion and its cross-motion for summary judgment was an affidavit by the Mihalcas' counsel. Accompanying the affidavit, was a letter dated August 20, 2010, from the Bank's counsel to the Mihalcas' counsel responding to the Mihalcas' demand for production of the note. Even viewing

13

this letter in the light most favorable to the Bank, the letter only allows one to conclude that counsel for the Bank is going to ask the Bank for the note and that counsel believes that the Bank has possession of the original note. The letter does not affirmatively state that the Bank has possession of it. The affidavit of the Mihalcas' counsel avers that the parties again discussed production of the original note on September 27, 2010. At that time, the Bank's counsel stated that "they were still 'looking for' the original note." By November 9, 2010, at the time of the Bank's response to the Mihalcas' motion for summary judgment, the Bank presented no evidence that it possessed or had ever possessed the original note. In addition, the Mihalcas noted that the Bank's affidavit in support of its own summary judgment motion was improper evidence and as such, there was no proper summary judgment evidence from the Bank before the trial court on this issue.

{¶34} The Bank failed to meet its reciprocal burden of production, as it failed to produce evidence that demonstrated it was the holder or to produce some evidence that at least demonstrated the existence of a genuine issue of material fact as to its status. Notably, the Bank did not produce *any* evidentiary materials in response to the Mihalcas' motion. Thus, it did not meet its *Dresher* burden, and there was no genuine dispute of material fact as to whether it was the holder of the note. Due to its failure to properly respond to the Mihalcas' motion for summary judgment, Mr. and Mrs. Mihalca were entitled to have summary judgment in their favor. *See generally HSBC Bank USA, N.A. v. Thompson,* 2nd Dist. 23761, 2010-Ohio-4158. Under the circumstances, the Bank could have produced an affidavit asserting that it did possess the note or alternatively, it could have sought an extension of time to respond to the Mihalcas' summary judgment motion so it could have then submitted proper summary judgment evidence in response to the Mihalcas' motion.

**{¶35}** I can only conclude that the Bank has failed to meet its burden, as there was no evidence before the trial court that the Bank at any point in time possessed the original note. The Mihalcas were entitled to have summary judgment granted in their favor. Accordingly, I respectfully dissent from the majority's resolution of this issue.

APPEARANCES:

KENNETH L. GIBSON, Attorney at Law, for Appellants.

MATTHEW C. GLADWELL, Attorney at Law, for Appellee.