[Cite as *Wells Fargo Bank N.A. v. Horn*, 2013-Ohio-2374.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| WELLS FARGO BANK NA | | C.A. No. 12CA010230 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIAN HORN, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellants | | CASE No. 10CV167220 |

DECISION AND JOURNAL ENTRY

Dated: June 10, 2013

---

CARR, Judge.

{¶1} Appellant, Brian Horn, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands this matter to the trial court for the complaint to be dismissed.

I.

{¶2} On November 21, 1993, Brian and Carol Horn executed a note for $49,323 in favor of Norwest Mortgage, Inc., for the property located at 9800 Root Road in Columbia Township, Ohio. The note was secured by an open-end mortgage.

{¶3} Wells Fargo filed the instant foreclosure action on April 19, 2010. The named defendants in the complaint were Brian Horn, Carol Horn, Jane Doe, the unknown spouse of Brian Horn, the Lorain County Treasurer, Huntington National Bank, and First Merit Bank. On June 2, 2010, Brian Horn, acting pro se, filed a handwritten "Response to Complaint." On July 21, 2010, Wells Fargo filed a motion for summary judgment. On September 2, 2010, Mr. Horn

filed a motion for leave to file an answer instanter in because he had retained counsel. On September 16, 2010, a magistrate granted the motion for leave, and Mr. Horn filed his formal answer to the complaint. In his answer, Mr. Horn claimed that Wells Fargo "may not be the real party in interest and lacks standing to bring said claim against Defendant." Subsequently, on May 12, 2011, Wells Fargo filed an amended motion for summary judgment. On June 2, 2011, Mr. Horn filed a brief in opposition to the amended motion for summary judgment.

{¶4} On June 24, 2011, the magistrate issued findings of fact and conclusions of law, and determined that Wells Fargo was entitled to summary judgment on the note and mortgage. On the same day, the trial court issued a journal entry adopting the magistrate's findings and granting summary judgment in favor of Wells Fargo.

{¶5} Mr. Horn filed a notice of appeal from the June 24, 2011 journal entry. On August 11, 2011, the Court issued a journal entry dismissing the appeal on the basis that the trial court had yet to issue a judgment of foreclosure.

{¶6} On August 26, 2011, Mr. Horn filed a motion in the trial court requesting that the summary judgment order be vacated pursuant to Civ.R. 60(B). Wells Fargo filed a memorandum in opposition to the motion on April 6, 2012. On April 27, 2012, the trial court issued a journal entry denying Horn's motion on the basis that he had not presented a meritorious defense. The trial court also granted the decree of foreclosure, setting forth the priority of the liens on the property.

{¶7} Mr. Horn filed a timely notice of appeal. On appeal, Mr. Horn raises four assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ALLOW[ING] MANIPULATED DOCUMENTS SUBMITTED AS EVIDENCE.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING WELLS FARGO BANK MADE REASONABLE EFFORTS TO ARRANGE A FACE-TO-FACE INTERVIEW (CFR 203.604).

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN WHICH JUDGMENT WAS NOT FINAL AND APPEALABLE.

## ASSIGNMENT OF ERROR IV

WAS BRIAN HORN'S ATTORNEY, MR. MARK DANN, ACTING IN CLIENT'S BEST INTEREST?

{¶8} Mr. Horn raises four assignments of error in which he argues that the trial court erred in granting summary judgment in favor of Wells Fargo. We agree.

{¶9} "We note that [a] foreclosure requires a two[-]step process." (Internal quotations and citations omitted.) *Natl. City Bank. v. Skipper,* 9th Dist. No. 24772, 2009-Ohio-5940, ¶ 25. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *CitiMortgage, Inc. v. Firestone*, 9th Dist. No. 25959, 2012–Ohio–2044, ¶ 11. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citations omitted.) *Skipper* at ¶ 25. As the Ohio Supreme Court recently decided, before a court can consider this, the plaintiff must establish that it has standing to proceed. *See Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134

Ohio St.3d 13, 2012-Ohio-5017, ¶ 40. "It is well established that before an Ohio court can consider the merits of a legal claim, the [party] seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469 (1999), citing *Ohio Contractors Assn. v. Bicking*, 71 Ohio St.3d 318, 320 (1994).

{¶10} Civ. R. 17(A) states, in a pertinent part:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought.

"'In foreclosure actions, the real party in interest is the current holder of the note and mortgage.'" *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 13 (9th Dist.), quoting *Everhome Mtge. Co. v. Rowland*, 10th Dist. No. 07AP-615, 2008-Ohio-1282, ¶ 12. Civ.R. 17(A) is not applicable "unless the plaintiff ha[s] standing to invoke the jurisdiction of the court in the first place * * *." *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092, ¶ 21, quoting *Northland Ins. Co. v. Illuminating Co.*, 11th Dist. Nos. 2002-A-0058, 2002-A-0066, 2004-Ohio-1529, ¶ 17.

{¶11} The trial court decided that Wells Fargo had standing when it granted summary judgment. In *Schwartzwald*, however, the Supreme Court held that because standing is required to invoke the jurisdiction of the common pleas court, "standing is to be determined as of the commencement of suit." *Schwartzwald* at ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-571 (1992). A party may not later rely on the Rules of Civil Procedure to cure a lack of standing when it has failed to demonstrate that it had standing at the time the complaint was filed. *Schwartzwald* at ¶ 37-38. The high court concluded that "[t]he lack of standing at the commencement of a foreclosure action requires dismissal of the complaint[.]" *Id.* at ¶ 40.

{¶12} In this case, Wells Fargo filed its complaint on April 19, 2010. A review of the complaint does not demonstrate that it had standing at the time it filed its foreclosure complaint. In the caption, Wells Fargo identified itself as the "successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc." However, while Wells Fargo attached several documents to the complaint, including the note and mortgage, no documents evidencing a merger or a name change were attached. The note and mortgage each identify the Horns as the borrowers and Norwest Mortgage, Inc. as the lender.

{¶13} It follows that Wells Fargo lacked standing to bring the foreclosure action against the Horns. While Wells Fargo later tried to demonstrate that a merger and name change had occurred in the exhibits attached to its motion for summary judgment, it was required to demonstrate that it had standing to invoke the jurisdiction at the time the complaint was filed, and it failed to do so in the complaint and the documents attached thereto. *Wells Fargo v. Burrows*, 9th Dist. No. 26326, 2012-Ohio-5995, ¶ 15. Therefore, the trial court erred in concluding that Wells Fargo was entitled to judgment as a matter of law. Pursuant to the Ohio Supreme Court's decision in *Schwartzwald*, we are required to sustain Mr. Horn's assignments of error, reverse summary judgment, and order the trial court to dismiss the complaint without prejudice.

## III.

{¶14} Mr. Horn's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

BRIAN HORN, pro se, Appellant.

SCOTT A. KING and NICHOLAS W. MYLES, Attorneys at Law, for Appellee.