[Cite as *Bank of Am., N.A. v. McCormick*, 2014-Ohio-1393.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BANK OF AMERICA

    Appellee

    v.

LYNN J. MCCORMICK, et al.

    Appellant

C.A. No.     26888

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2012-02-0648

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

MOORE, Presiding Judge.

{¶1} Defendant Lynn J. McCormick appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On February 3, 2012, "Bank of America, N.A. Successor by Merger with BA Mortgage, LLC Successor by Merger with Nationsbanc Mortgage Corporation Successor by Merger with Nationsbanc Mortgage Corporation of New York, fka, Keycorp Mortgage, Inc. Successor by Merger with Society Mortgage Company" ("Bank of America"), filed a complaint for personal judgment against Ms. McCormick on a note that she had executed, and for foreclosure of her property, pursuant to the terms of a mortgage which secured the note. The complaint attached a copy of the note and the mortgage. The lender on both the note and the mortgage is listed as "KeyCorp Mortgage Inc. dba Society Mortgage Company." The note is

endorsed in blank from Keycorp Mortgage Inc. d/b/a/ Society Mortgage Company. No assignments of the mortgage are attached.

{¶3} Ms. McCormick sent a letter to the court, in which she requested a loan modification due to financial difficulties. Later, with leave of the court, Ms. McCormick filed an amended answer, generally denying most of the allegations of the complaint and raising several affirmative defenses.

{¶4} The case proceeded to hearing before a magistrate, at which Heather Pollock, a representative for Bank of America, testified. On March 26, 2013, the magistrate issued a decision in favor of Bank of America. In its findings of fact, the magistrate set forth that Ms. Pollock testified that a copy of the note, which was endorsed in blank and introduced into evidence, was a true and accurate copy of the original note that had been in Bank of America's possession since December 9, 2010. The magistrate further noted that:

> [Ms.] Pollock provided testimony, based on her personal knowledge, as to an unbroken chain of title, Bank of America is successor by merger with BAC Mortgage, LLC, which itself is successor by merger with NationsBank Mortgage Corp. of New York, which was formerly known as Keycorp Mortgage, Inc. and successor by merger with Society Mortgage Company.

{¶5} The magistrate then ruled in favor of Bank of America. The trial court adopted the magistrate's decision in a journal entry dated March 27, 2013, finding that there was no error of law or other defect evident on the face of the magistrate's decision. Ms. McCormick timely appealed from the trial court's decision, and she now raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF
[BANK OF AMERICA] WHERE THERE WAS NO PROPER EVIDENCE OF

A MERGER BEFORE THE TRIAL COURT, AND THEREFORE WHERE [BANK OF AMERICA] FAILED TO PROVE STANDING AT THE TIME OF FILING.

{¶6} In her sole assignment of error, Ms. McCormick argues that the trial court erred in entering judgment against her because Bank of America did not demonstrate that it had standing at the time it filed its complaint. We disagree.

{¶7} In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41-42, the Ohio Supreme Court determined that a plaintiff in a foreclosure action must have standing at the time it files the complaint in order to invoke the jurisdiction of the court. "It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Internal quotations and citations omitted.) (Emphasis omitted.) *Id.* at ¶ 22. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id.* at ¶ 40.

{¶8} To prove standing in a foreclosure action, a plaintiff must hold both the note and the mortgage prior to filing the complaint. *BAC Home Loan Serv. v. McFerren,* 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 6. The holder of a note endorsed in blank is the possessor of the note. *See* R.C. 1301.201(A)(21)(a) and R.C. 1303.10(A)(2). Further, a party may gain interest in a note or mortgage through a chain of mergers. *See JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 17.

{¶9} Ms. McCormick maintains that Bank of America was required to submit documentary evidence of standing with its complaint, and it failed to produce proof of mergers establishing its interest in the mortgage in the complaint or the documents attached to the

complaint. Because it failed to introduce evidence of mergers with the complaint, Ms. McCormick maintains it could not later supply such evidence. In support, she cites this Court's holdings in *Wells Fargo Bank N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, and *Wells Fargo Bank N.A. v. Burrows*, 9th Dist. Summit No. 26326, 2012-Ohio-5995, ¶ 15.[1]

In *Horn* at ¶ 12-13, we explained:

> Wells Fargo filed its complaint on April 19, 2010. A review of the complaint does not demonstrate that it had standing at the time it filed its foreclosure complaint. In the caption, Wells Fargo identified itself as the "successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc." However, while Wells Fargo attached several documents to the complaint, including the note and mortgage, no documents evidencing a merger or a name change were attached. The note and mortgage each identify the Horns as the borrowers and Norwest Mortgage, Inc. as the lender.
>
> It follows that Wells Fargo lacked standing to bring the foreclosure action against the Horns. While Wells Fargo later tried to demonstrate that a merger and name change had occurred in the exhibits attached to its motion for summary judgment, it was required to demonstrate that it had standing to invoke the jurisdiction at the time the complaint was filed, and it failed to do so in the complaint and the documents attached thereto. *Burrows*, at ¶ 15. Therefore, the trial court erred in concluding that Wells Fargo was entitled to judgment as a matter of law. Pursuant to the Ohio Supreme Court's decision in *Schwartzwald*, we are required to sustain Mr. Horn's assignments of error, reverse summary judgment, and order the trial court to dismiss the complaint without prejudice.

(Emphasis added.) Likewise, in *Burrows* at ¶ 13, we held that the bank was required to demonstrate that it had standing to invoke the jurisdiction of the court in the complaint and the documents attached thereto. Because it failed to do so, we reversed summary judgment and ordered the trial court to dismiss the complaint without prejudice. *Id.* at ¶ 14.

---

[1] The Ohio Supreme Court has recently granted a motion for reconsideration and accepted *Horn* for discretionary review on the following proposition of law: "A plaintiff is not required to attach to the complaint all of the evidence on which it will rely to prove standing." *See Wells Fargo Bank v. Horn*, Reconsideration Entry, Ohio Supreme Court No. 2013-1534 (Mar. 26, 2014), and *Wells Fargo Bank v. Horn*, Memorandum In Support of Jurisdiction, Ohio Supreme Court No. 2013-1534, 6 (Sept. 27, 2013).

**{¶10}** However, after our decisions in *Horn* and *Burrows*, this Court decided *Deutsche Bank v. Holloway*, 9th Dist. Lorain No. 12CA010331, 2013-Ohio-5194, ¶ 7-9, and *BAC Home Loan Serv. v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 9. In *Holloway*, we looked outside the complaint and reviewed evidence submitted at the summary judgment stage of proceedings to determine whether the bank had standing. In *McFerren* at ¶ 9, we noted that "none of the evidence in the record demonstrates that BAC had possession of the Note at the time that it filed the complaint." We reversed summary judgment that had been issued in favor of BAC, but we did not instruct the trial court to dismiss the complaint. *See id.* at ¶ 16. Instead, we remanded the matter for further proceedings, implicitly recognizing that BAC could demonstrate that it had standing at the time of the filing of the complaint, and could rely upon documents outside of the complaint and its attachments. *See id.*

**{¶11}** Other districts have also looked outside the complaint and its attached documents to determine if the bank had standing to commence a foreclosure action. *See Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 57 (although bank must prove that it was the holder of the note and mortgage when it filed its complaint, the proof does not need to be contained in the complaint), *Bank of N.Y. Mellon v. Watkins*, 10th Dist. Franklin No. 11AP-539, 2012-Ohio-4410, ¶ 18 ("a mortgagee can offer proof after the filing of the foreclosure action to establish that the mortgage was assigned to the mortgagee prior to or at the time of the filing of the foreclosure action"). We conclude that it is appropriate to review proof submitted outside of the complaint to determine if a party had standing at the time of the commencement of the action. Therefore, to the extent that Ms. McCormick argues that Bank of America was required to demonstrate standing in the complaint and its attached documents, we overrule her assignment of error.

{¶12} Next, although Ms. McCormick appears to have primarily focused her argument on the bank's failure to demonstrate standing within the complaint, she also appears to challenge the trial court's adoption of the magistrate's decision. Her challenge rests on her claim that the testimony of Ms. Pollock established her lack of knowledge as to the bank's possession of the note and as to the mergers. Ms. McCormick also alleges that neither the original note nor any documentary evidence of merger was submitted into evidence.[2] We will address this argument to the limited extent that it appears to be raised.

{¶13} In the magistrate's decision, the magistrate determined that Bank of America had been in possession of the note, endorsed in blank, since the end of 2010. The magistrate also found that Bank of America had proven the existence of a series of mergers commencing with Society Mortgage Company and ending with Bank of America. The magistrate concluded that judgment should be rendered in favor of Bank of America. The trial court adopted the magistrate's decision. Ms. McCormick argues that the bank did not prove standing because its witness was not credible and there was no documentation of merger admitted at trial.

{¶14} We are unable to address Ms. McCormick's arguments pertaining to Ms. Pollock's credibility and the nature and extent of the testimony adduced at trial. Although a transcript was prepared for purposes of appeal, we are precluded from reviewing it because it was not filed with the trial court. *Lewis v. Savoia*, 9th Dist. Summit No. 17614, 1996 WL 490256, *2 (Aug. 28, 1996), citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995). *See also Yu v. Zhang*, 175 Ohio App.3d 83, 2008-Ohio-400, ¶ 16

---

[2] It is difficult to discern Ms. McCormick's argument from the brief, as she appears to present her arguments as to these issues primarily in her "statement of facts" instead of in the section entitled "law and argument." In the "law and argument" portion of her brief, Ms. McCormick generally alleges that Ms. Pollock's testimony was not credible, and there was no documentary evidence of the merger activities in the record.

(applying *State ex rel. Duncan* in the context of a challenge to the trial court's jurisdiction that depended upon the resolution of certain facts presented at a magistrate's hearing). Without the benefit of the transcript, we cannot address the factual challenges to Ms. Pollock's testimony that Ms. McCormick appears to raise here.

{¶15} Accordingly, Ms. McCormick's sole assignment of error is overruled.

III.

{¶16} Ms. McCormick's assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN SHERROD, Attorney at Law, for Appellant.

ERIC T. DEIGHTON, Attorney at Law, for Appellee.