[Cite as *Deutsche Bank Natl. Trust Co. v. Reynolds*, 2014-Ohio-2372.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2004-8AR | C.A. No. 27192 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2012-09-5433 |
| LARRY K. REYNOLDS, et al. | |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: June 4, 2014

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Larry Reynolds, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment and approving a decree of foreclosure in favor of Plaintiff-Appellee, Deutsche Bank National Trust Co. as Trustee for Morgan Stanley Mortgage Loan Trust 2004-8AR ("Deutsche Bank"). This Court reverses and remands this matter to the trial court for the complaint to be dismissed.

I.

{¶2} On May 24, 2004, Mr. Reynolds executed an adjustable rate note in the amount of $150,000 in favor of GreenPoint Mortgage Funding, Inc. ("GreenPoint") for property located at 4041 Westminster Lane in Stow. The note was secured by a mortgage on the same property in favor of Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for GreenPoint. The mortgage was executed on the same day as the note and was recorded on May 28, 2004.

{¶3} At some point, GreenPoint endorsed Mr. Reynolds' note in blank. On March 11, 2009, Mr. Reynolds executed a loan modification agreement to change his note from an adjustable rate note to a fixed interest note. The loan modification agreement identifies the lender as Countrywide Home Loans Servicing, LP ("Countrywide"). Although Mr. Reynolds signed the agreement on March 11, 2009, it was not recorded until August 16, 2012. The third page of the recording contains the signature of someone[1] on behalf of Countrywide and is dated April 4, 2009. The signature, however, is not notarized. The fourth page of the recording contains the notarized signature of Kimble Monroe, who is identified as an assistant vice president of Stewart Lenders Services, Inc. Ms. Monroe's signature follows below the text: "Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. By: Stewart Lender Services, Inc., its attorney in fact." Ms. Monroe signed the document on August 13, 2012.

{¶4} On June 29, 2012, MERS, the nominee for GreenPoint, assigned Mr. Reynolds' mortgage to Deutsche Bank. The mortgage assignment was recorded on July 13, 2012.

{¶5} On September 26, 2012, Deutsche Bank filed a complaint for foreclosure against Mr. Reynolds. In its complaint, Deutsche Bank alleged that Mr. Reynolds had defaulted on his loan payments at the end of 2009 and that, pursuant to the terms of Mr. Reynolds' note, loan modification agreement, and mortgage, it was entitled to foreclosure. Mr. Reynolds filed an answer to the complaint, and Deutsche Bank later filed a motion for summary judgment. Mr. Reynolds responded in opposition. Although Deutsche Bank requested and was given an extension to file a reply brief, it never filed one. On November 21, 2013, the trial court awarded

---

[1] The signer's name is not identified in print and is illegible.

summary judgment to Deutsche Bank and ordered foreclosure. Due to bankruptcy, the court did not order a personal judgment against Mr. Reynolds.

{¶6} Mr. Reynolds now appeals from the trial court's judgment and raises two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE DEUTSCHE BANK, AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE BANK HAD STANDING AND WAS THE PROPER PARTY IN INTEREST AT THE TIME THE FORECLOSURE ACTION WAS FILED.

{¶7} In his first assignment of error, Mr. Reynolds argues that the trial court erred by awarding summary judgment to Deutsche Bank because genuine issues of material fact remain for trial with regard to whether Deutsche Bank had standing at the time it filed suit against him. We agree.

{¶8} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8. Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material

fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfies this initial burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue of material fact for trial. *Id.* The nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings. *Sheperd v. City of Akron*, 9th Dist. Summit No. 26266, 2012-Ohio-4695, ¶ 10.

{¶9} "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * *." *Id.* at ¶ 40. Pursuant to Civ.R. 17(A), actions must be prosecuted in the name of the real party in interest. "The real party in interest in a foreclosure action 'is the current holder of the note and mortgage.'" *Quantum Servicing Corp. v. Haugabrook*, 9th Dist. Summit No. 26542, 2013-Ohio-3516, ¶ 8, quoting Wells *Fargo Bank N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, ¶ 10. "The holder of a note endorsed in blank is the possessor of the note. Further, a party may gain interest in a note or mortgage through a chain of mergers." (Internal citations omitted.) *Bank of America, N.A. v. McCormick*, 9th Dist. Summit No. 26888, 2014-Ohio-1393, ¶ 8.

{¶10} In moving for summary judgment, Deutsche Bank relied upon the affidavit of Shelley Rae Fazio, an assistant vice president of Bank of America, N.A. ("Bank of America"). Ms. Fazio averred that Bank of America was Deutsche Bank's servicer "for the subject loan" and maintained records for the loan in its capacity as servicer. She averred that she had personal knowledge of Bank of America's procedures for creating its records and, "[a]s part of [her] job responsibilities for [Bank of America], [she] [was] familiar with the type of records maintained

by [Bank of America] in connection with the Loan." She further averred that the information in her affidavit was taken from her review of Bank of America's business records.

{¶11} Ms. Fazio attached to her affidavit copies of: (1) the note Mr. Reynolds signed with GreenPoint on May 24, 2004; (2) an undated allonge, containing a blank endorsement from GreenPoint; (3) a loan modification agreement between Mr. Reynolds and Countrywide, signed by Mr. Reynolds on March 4, 2009, signed by an agent of Countrywide on April 2, 2009, and recorded by an assistant vice president of Stewart Lender Services, Inc., the attorney in fact for Bank of America for itself or as successor by merger to BAC Home Loans Servicing, LP fka Countrywide in August 2012; (4) the mortgage Mr. Reynolds executed on May 24, 2004, naming GreenPoint as lender and MERS as mortgagee/nominee for GreenPoint; (5) an assignment of mortgage from MERS to Deutsche Bank, recorded on July 13, 2012; and (6) a notice of intent to accelerate, dated January 19, 2010, and authored by BAC Home Loans Servicing LP, a subsidiary of Bank of America, as servicer on behalf of an unidentified holder of the note. Ms. Fazio averred that the foregoing copies were true and accurate copies of Bank of America's business records, which she had personally reviewed. She further averred that Deutsche Bank "directly or through an agent, has possession of the promissory note and held the note at the time of filing the foreclosure complaint."

{¶12} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E). Generally, "a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if

the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required." *Bank One v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14, quoting *Merchants Natl. Bank v. Leslie*, 2d Dist. 3072, 1994 WL 12433, *2 (Jan. 21, 1994). This Court "cannot infer personal knowledge from the averment of personal knowledge alone." *Maxum Indemnity Co.* at ¶ 22.

{¶13} Although Ms. Fazio identified herself as an assistant vice president of Bank of America and averred that she had familiarity with the "type of records" at issue in this case "[a]s part of [her] job responsibilities," she never explained what her job responsibilities actually entailed. *See Bank of New York Mellon Trust Co. Natl. v. Mihalca*, 9th Dist. Summit No. 25747, 2012-Ohio-567, ¶ 17 (affiant's personal knowledge questioned, in part, due to her failure to state how her position made her familiar with the borrower's account records). Even assuming that Ms. Fazio's affidavit established her personal knowledge of Bank of America's business records, however, Ms. Fazio acknowledged that her personal knowledge came strictly from her review of the records themselves. The records do not disclose when, if ever, Deutsche Bank came into possession of Mr. Reynolds' note. The note itself is endorsed to GreenPoint, and the allonge containing a blank endorsement from GreenPoint is undated. While Ms. Fazio averred that Deutsche Bank or its agent had possession of the note at the time it filed suit against Mr. Reynolds, the records attached to her affidavit do not contain any information about the current holder of the note. Thus, Ms. Fazio, whose knowledge came strictly from her review of those

7

records, could not have had personal knowledge of when, if ever, Deutsche Bank came into possession of the note. *See Maxum Indemnity Co.* at ¶ 18.

{¶14} As previously noted, "[t]he real party in interest in a foreclosure action 'is the current holder of the note and mortgage.'" *Haugabrook*, 2013-Ohio-3516, at ¶ 8, quoting *Horn*, 2013-Ohio-2374, at ¶ 10. Because Mr. Reynolds' note was endorsed in blank, the holder of his note was its current possessor. *See McCormick*, 2014-Ohio-1393, at ¶ 8. Deutsche Bank failed to establish that it was the holder of Mr. Reynolds' note at the time that it filed suit against him. Accordingly, Deutsche Bank was not entitled to summary judgment. *See U.S. Bank, N.A. v. Cooper*, 9th Dist. Medina No. 12CA0084-M, 2014-Ohio-61, ¶ 15 (complaint dismissed where no indication in record when plaintiff bank became holder of the note, which contained undated allonges); *Deutsche Bank v. Holloway*, 9th Dist. Lorain No. 12CA010331, 2013-Ohio-5194, ¶ 9 (genuine issues where note endorsed in blank and servicer for unidentified holder had copy of the note in its business records). In accordance with *Schwartzwald*, this Court sustains Mr. Reynolds' first assignment of error and orders the trial court to dismiss the complaint without prejudice.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE DEUTSCHE BANK, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT REMAINING AS TO WHETHER THE BANK PROVIDED THE PROPER NOTICE OF DEFAULT PRIOR TO ACCELERATION, AS REQUIRED UNDER THE MORTGAGE AND APPLICABLE FEDERAL LAW.

{¶15} In his second assignment of error, Mr. Reynolds argues that the trial court erred by awarding Deutsche Bank summary judgment because it failed to show that, before filing suit, it had complied with certain contractual notice requirements set forth in his note and mortgage. Based on our resolution of Mr. Reynolds' first assignment of error, his second assignment of

error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c). *See also Bank of New York Mellon Trust Co. v. Bowers*, 9th Dist. Lorain No. 12CA010289, 2013-Ohio-5488, ¶ 10 (compliance with contractual notice requirements of note and mortgage "does not go to the court's jurisdiction to hear the matter").

### III.

**{¶16}** Mr. Reynolds' first assignment of error is sustained. His second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MARK E. OWENS and RONALD L. CAPPELLAZZO, Attorneys at Law, for Appellant.

KIMBERLY Y. SMITH RIVERA and CANDICE L. MUSIEK, Attorneys at Law, for Appellee.