**U.S. BANK, N.A., Appellee,**

v.

**RICHARDS et al.; Richards, Appellant.**

[Cite as *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 25052.

Decided Aug. 25, 2010.

Erin M. Laurito, for appellee.

Patrick J. Milligan, for appellant.

---

BELFANCE, Judge.

{¶ 1} Appellant Patricia Richards appeals the rulings of the Summit County Court of Common Pleas. For the reasons set forth below, we reverse.

## BACKGROUND

{¶ 2} On August 19, 1986, Patricia and John Richards, who were then married, purchased a property in Akron. They financed the purchase through American First Mortgage Corporation with a promissory note secured by a mortgage against the real estate. The note and mortgage were subsequently assigned multiple times.

{¶ 3} On May 27, 2008, appellee, U.S. Bank, N.A., filed a complaint against the Richardses. In the first count of the complaint, U.S. Bank alleged that it was the owner and holder of a promissory note executed by the Richardses. U.S. Bank

did not attach a copy of the note to the complaint. It acknowledged that it did not have a copy of the note and stated that it would be provided when available.

{¶ 4} In the second count of its complaint, U.S. Bank alleged that it was the owner and holder of a mortgage deed to the property owned by the Richardses. It attached copies of various assignments of the mortgage starting with an assignment from Liberty Mortgage Company, Inc., to Miami Valley Bank and ending with an assignment from MVB Mortgage Corporation to Mortgage Electronic Registration Systems, Inc. U.S. Bank did not attach an assignment demonstrating that it was the current assignee of the mortgage.

{¶ 5} John Richards filed an answer denying the allegations in the complaint. Ultimately, his attorney withdrew as counsel, averring that John Richards no longer wished to contest the foreclosure proceedings. Patricia Richards filed a "Motion for a Definite Statement" due to U.S. Bank's failure to attach a copy of the promissory note to the complaint. U.S. Bank responded by opposing the motion and attaching a copy of the promissory note to its response. U.S. Bank did not amend its complaint and thus the promissory note was not made a part of U.S. Bank's complaint.

{¶ 6} Patricia Richards filed an answer and two cross-claims. In her cross-claim for deed reformation, Patricia Richards asserted that while under duress, she executed a quitclaim deed conveying her interest in the subject property to John Richards. In her second cross-claim, Patricia Richards asserted that she had a dower interest in the property. At some point in time, which is unclear from the record, Patricia and John were divorced. When John Richards failed to answer the cross-claims, Patricia Richards filed a motion for default judgment. The trial court granted the motion, allowing deed reformation.

{¶ 7} U.S. Bank proceeded to file a motion for summary judgment to which it attached an affidavit of Kim Stewart, the assistant vice president of U.S. Bank, in which she attested that Patricia and John Richards had failed to make payments when due, that U.S. Bank elected to call the entire balance of the account due and payable in accordance with the terms of the note and mortgage, and that the current sum due and owing on the loan was $12,534.06 plus interest. Patricia Richards filed a brief in opposition to U.S. Bank's motion for summary judgment. She argued that U.S. Bank's motion should be denied because it failed to submit sufficient evidence in support of its motion. The trial court agreed and concluded that U.S. Bank had failed to support its motion with evidence the court could consider within the ambit of Civ.R. 56. For example, U.S. Bank failed to submit a copy of the note with the complaint and never amended the complaint following Patricia Richards's motion for a definite statement. The court further noted that U.S. Bank also neglected to incorporate the note in an affidavit. Thus, the court

ruled that it could not consider the promissory note for purposes of summary judgment and denied U.S. Bank's motion.

{¶ 8} U.S. Bank then proceeded to file a renewed motion for summary judgment. U.S. Bank attached to its motion a copy of the promissory note, a copy of the mortgage deed along with accompanying assignments (except for the initial transfer of the deed from American First Mortgage Corporation to Liberty Mortgage Company, Inc.), and the affidavit of Kim Stewart. Notably, the assignment of the mortgage to U.S. Bank did not occur until May 30, 2008, days after the complaint was filed. In light of this information, Patricia Richards also filed a motion pursuant to Civ.R. 12(B)(1), asserting that U.S. Bank lacked standing to bring the suit because it was not the holder of the note and mortgage at the time it filed the complaint.

{¶ 9} Patricia Richards filed a brief in opposition to U.S. Bank's motion for summary judgment, contending that once again U.S. Bank failed to submit sufficient, appropriate evidence to succeed on summary judgment. Patricia Richards pointed out that while U.S. Bank attached additional documentation to its motion, it failed to incorporate it into a properly framed affidavit. She further averred that the affidavit of Kim Stewart was insufficient to establish the amount she allegedly owed and that U.S. Bank did not have documentation of the initial assignment from American First Mortgage Corporation to Liberty Mortgage Company, Inc. The trial court granted U.S. Bank's motion for summary judgment. It also found that Patricia Richards's motion to dismiss was moot. Patricia Richards appealed to this court; however, we dismissed the appeal because the order was not final and appealable since it did not include a decree of foreclosure. After the trial court issued a final entry, Patricia Richards again appealed to this court and has raised two assignments of error for our review.

## SUMMARY JUDGMENT

{¶ 10} In Patricia Richards's second assignment of error, she asserts that the trial court erred in granting summary judgment to U.S. Bank. Essentially, she argues that U.S. Bank failed to meet its burden to establish the absence of genuine issues of material fact and failed to submit evidence permitted under Civ.R. 56(C).

{¶ 11} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. "Pursuant to Civ.R. 56(C), summary judgment is appropriately rendered when '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is

made, that conclusion is adverse to that party.'" *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339–340, 617 N.E.2d 1123, quoting *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 12} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issues of material fact exist. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. The moving party must point to some evidence in the record of the type listed in Civ.R. 56(C). Id. at 292–293, 662 N.E.2d 264. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. Id. at 293, 662 N.E.2d 264.

{¶ 13} "In foreclosure actions, the real party in interest is the current holder of the note and mortgage." *Everhome Mtge. Co. v. Rowland,* 10th Dist. No. 07AP–615, 2008-Ohio-1282, 2008 WL 747698, at ¶ 12. "The failure to prove who [i]s the real party in interest create[s] a genuine issue of material fact that preclude[s] summary judgment." Id.; see also *First Union Natl. Bank v. Hufford* (2001), 146 Ohio App.3d 673, 679–680, 767 N.E.2d 1206.

{¶ 14} U.S. Bank initially moved for summary judgment in 2008. The trial court denied the motion, concluding:

> U.S. Bank has failed to support its motion with evidence within the ambit of [Civ.R. 56(C)] showing a genuine absence of material fact. U.S. Bank submitted a copy of the mortgage with the complaint, but did not submit a copy of the note claiming its unavailability. After Defendant Patricia S. Richards filed a Motion for a More Definite Statement, U.S. Bank attached a copy of the note to its memorandum in response. It did not file an amended complaint with the note. Nor was the note incorporated into a properly framed affidavit in support of the motion. As such, the note cannot be properly included in the evidentiary materials specified by Civ.R. 56.[1]

Subsequently, a second judge took over the case and allowed U.S. Bank to refile its motion for summary judgment if "all proper and necessary Civ.R. 56 documentation" was included. U.S. Bank filed a renewed motion for summary judgment. Attached to the motion was a copy of the promissory note and a copy of the mortgage deed, both in favor of American First Mortgage Corporation, copies of assignments of the mortgage from Liberty Mortgage Company, Inc., to Miami Valley Bank, from Miami Valley Bank to MVB Mortgage Corporation, from MVB Mortgage Corporation to Mortgage Electronic Registration Systems, Inc. ("MERS"), and from MERS to U.S. Bank, and an affidavit of the status of the account from the assistant vice president of U.S. Bank, Kim Stewart. Notably,

---

1. We note that the trial court never ruled on Patricia Richards's motion for a more definite statement.

none of the attached documents were incorporated into the affidavit to attest to their accuracy. The trial court granted the motion for summary judgment, concluding that there were no genuine issues of material fact, and based its decision on all the evidence attached to U.S. Bank's motion for summary judgment. It further concluded that U.S. Bank was a proper party.

{¶ 15} Pursuant to Civ.R. 56(C),

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶ 16} Further, Civ.R. 56(E) provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶ 17} In the instant case, the vast majority of evidence submitted by U.S. Bank in support of its motion for summary judgment could not be considered under Civ.R. 56 given that all the documents attached to U.S. Bank's motion were not properly incorporated into the affidavit submitted in support of the motion. Civ.R. 56(C) and (E). In its complaint, U.S. Bank alleged that it was the holder and owner of both the note and mortgage. In order to prevail in its motion for summary judgment, U.S. Bank was required to demonstrate an absence of dispute as to those alleged facts. However, the copy of the promissory note attached to U.S. Bank's renewed motion for summary judgment was not incorporated into an affidavit, and thus it was not appropriately considered as evidence under Civ.R. 56. There was no evidence contemplated by Civ.R. 56 properly before the court demonstrating that U.S. Bank was the owner and holder of the promissory note and mortgage deed.

{¶ 18} U.S. Bank has not demonstrated that many of the materials it submitted in support of summary judgment could properly be considered by the trial court. It concedes that the copy of the note attached to its response to the motion for a definite statement "is not one of the appropriate materials designated by Ohio Rule of Civil Procedure 56(C)." Nonetheless, it maintains that it could be considered by the trial court because Patricia Richards did not object to it. We disagree.

{¶ 19} In Patricia Richards's motion in opposition to U.S. Bank's renewed motion for summary judgment, she states that U.S. Bank "has failed to authenti-

cate the documents upon which this action is based through an affidavit of someone with personal knowledge and [U.S. Bank] has not established that it has standing to sue." Further, Patricia Richards notes that the trial court could not "consider much of U.S. Bank's documentation for summary judgment purposes because it does not fall under any of the [Civ.R. 56(C)] categories and it is not incorporated into an affidavit." Thus, it is clear that Patricia Richards did object to the consideration of the note by the trial court for purposes of summary judgment.

{¶ 20} In light of the above, U.S. Bank failed to establish for purposes of summary judgment that it was the owner and holder of the note and mortgage, and thus there remained a genuine dispute of fact as to this issue. See *Rowland*, 2008-Ohio-1282, 2008 WL 747698, at ¶ 12; *Hufford*, 146 Ohio App.3d at 679–680, 767 N.E.2d 1206. Accordingly, the trial court erred in granting U.S. Bank's motion for summary judgment. Patricia Richards's second assignment of error is sustained.

## MOTION TO DISMISS

{¶ 21} In Patricia Richards's first assignment of error, she argues that the trial court erred in denying her motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).

{¶ 22} In addition to opposing U.S. Bank's motion for summary judgment, Patricia Richards filed a motion to dismiss pursuant to Civ.R. 12(B)(1), asserting that U.S. Bank lacked standing to bring suit because it was not the holder of the note and mortgage at the time it filed the complaint. The trial court did not address this motion on the merits and instead found that Patricia Richards's motion to dismiss was moot based upon its summary-judgment ruling. However, because we have concluded above that the trial court erred in awarding summary judgment to U.S. Bank, we likewise conclude that Patricia Richards's motion to dismiss could not have been moot for that reason. Thus, we sustain her first assignment of error and remand the matter to the trial court for further consideration.

## CONCLUSION

{¶ 23} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand this matter for proceedings consistent with this opinion.

> Judgment reversed
> and cause remanded.

DICKINSON, P.J., and WHITMORE, J., concur.