[Cite as *Nationstar Mtge., L.L.C. v. Kereszturi*, 2013-Ohio-5849.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC, ASSIGNEE OF BANK OF AMERICA, N.A., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2013-T-0065** |
| - vs - | : | |
| STEVE KERESZTURI, a.k.a. STEVE KERESZTURI, JR., et al., | : | |
| | : | |
| Defendants, | : | |
| (BIG BLUE CAPITAL PARTNERS, LLC), | : | |
| Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 170.

Judgment: Reversed and remanded.

*Stacy L. Hart* and *Susan Mandryk*, Lerner, Sampson & Rothfuss, L.P.A., 120 East Fourth Street, 8th Floor, P.O. Box 5480, Cincinnati, OH 45201-5480, and *Susan Mandryk*, Lerner, Sampson & Rothfuss, P.O. Box 5480, Cincinnati, OH 45201-5480 (For Plaintiff-Appellee).

*Daniel M. Solar* and *Marc E. Dann*, Doberdruk & Harshman Law Office, 4600 Prospect Avenue, Cleveland, OH 44103 (For Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Trumbull County Court of Common Pleas. Appellant Big Blue Capital Partners, LLC ("Big Blue") sought to intervene in this

foreclosure action after acquiring title to property that is subject to the current litigation. The trial court denied the motion to intervene finding that the doctrine of lis pendens barred intervention of Big Blue. For the reasons set forth below, we reverse and remand.

**{¶2}** On or about May 6, 2008, defendants Steve Kereszturi a.k.a Steve Kereszturi, Jr. and Judy A. Kereszturi (collectively "the Kereszturis") executed a note in the amount of $134,024 and a mortgage on their residential property securing payment to Bank of America. The Kereszturis allegedly defaulted on their mortgage in June of 2011 and Bank of America initiated this foreclosure action. While this foreclosure action was pending the Kereszturis filed a voluntary petition under Chapter 7 in federal bankruptcy court. Big Blue obtained title to the foreclosed property through a trustee's deed on September 25, 2012.

**{¶3}** Big Blue subsequently filed a motion to dismiss and a motion to intervene on January 16, 2013, which the trial court later denied. The trial court determined that lis pendens barred intervention by Big Blue without making any findings as to whether Big Blue met the requirements under Civ.R. 24(A)(2) to intervene as of right. Bank of America, having assigned its note and mortgage on the Kereszturis' property to appellee Nationstar, sought to substitute Nationstar as the real party of interest. The trial court substituted Nationstar as the party-plaintiff on May 30, 2013. Shortly afterward, defendant-appellant appealed to this court.

**{¶2}** Big Blue alleges as their first assignment of error that:

**{¶3}** "The trial court erred in denying Appellant's motion to intervene pursuant to Civ.R. 24(A)(2) because *lis pendens* does not prevent a party, who obtains an

2

interest in a property after a foreclosure complaint is filed against such property, from intervening in the underlying foreclosure action."

{¶4} We review denial of motions to intervene pursuant to Civ.R. 24(A)(2) for an abuse of discretion. *Peterman v. Pataskala*, 122 Ohio App.3d 758, 761 (5th Dist. 1997) (citation omitted). "As this court recently stated, the term 'abuse of discretion' is one of art, 'connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood*, 11th Dist. No. 2008-L-113, 2009-Ohio-2089, ¶30. "[W]hen an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Sertz v. Sertz*, 11th Dist. Lake No. 2011-L-063, 2012-Ohio-2120, ¶31, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67. Civ.R. 24(A) governs intervention as of right and states in pertinent that:

{¶5} "Upon timely application anyone shall be permitted to intervene in an action * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

{¶6} In the present matter, the trial court did not analyze whether Big Blue met the conditions stated in Civ.R. 24(A)(2); rather, the trial court concluded that lis pendens barred Big Blue from intervening in this suit. Though Big Blue makes several distinct arguments, the core of their contention is that lis pendens, as codified in R.C. 2703.26, only causes a party who obtains an interest in property, during the pendency of litigation over that property, to have their interest be subject to the outcome of the litigation. Appellee appears to agree with Big Blue's assessment by arguing that any interest acquired after lis pendens attaches is subject to the consequences of the litigation. Therefore, according to appellee, Ohio places the burden on prospective buyers to investigate their properties before acquiring their properties.

{¶7} R.C. 2703.26 provides that: "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by the third person in the subject of the action, as against the plaintiff's title." For lis pendens to apply to a particular action, the following three requirements must be met: "(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the *res*; and (3) the property or *res* involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit." *Cook v. Mozer*, 108 Ohio St. 30, 37 (1923) (quotation omitted). "The general intent and effect of the doctrine of *lis pendens* is to charge third persons with notice of the pendency of an action, and to make any interest acquired by such third persons subject to the outcome and judgment or decree of the pending lawsuit." *Irwin Mortgage Corp. v. Dupee*, 197 Ohio App. 3d 117, 2012-Ohio-

4

1594, ¶9 (12th Dist.), citing *Bank of New York v. Barclay,* 10th Dist. Franklin, No. 03AP-844, 2004-Ohio-1217, ¶10.

**{¶8}** In the instant matter, we agree with Big Blue. Lis pendens does not prevent Big Blue from intervening. Nothing in the doctrine forbids or discourages a purchaser of property that is subject to litigation from intervening in that litigation to protect their interest in the property. In fact, intervening would typically be the most prudent course of action for the purchaser as the purchaser usually is the only one with a stake in the outcome.

**{¶9}** Further, we note that in *Bates v. Postulate Investments*, 176 Ohio App. 3d 523, 2008-Ohio-2815, (8th Dist.), the Eighth District found in dicta that a subsequent purchaser of a property that was subject to a foreclosure action should intervene to protect their interest. In *Bates*, the plaintiff in that suit had acquired property that was at the time the subject of a foreclosure, and subsequently initiated suit after the sale had been confirmed by the court. *Id.* ¶¶1-9. In determining the plaintiff's suit was barred by lis pendens, the Eighth District stated:

**{¶10}** "Once the court in the foreclosure action confirmed the sheriff's sale on August 31, 2006, Postulate became the legal title holder of the subject property, and Otto could no longer exercise his right of redemption. Therefore, *the plaintiffs should have sought to intervene in the foreclosure action, because they transacted an interest in the subject property after the proceedings began*, rather than improperly instituting an entirely separate proceeding against Postulate." *Id.* ¶23 (Emphasis added). Accordingly, we find the doctrine of lis pendens does not bar Big Blue's intervention in

5

this litigation. Consequently, the trial court erred in denying the motion to intervene for the reasons stated.

{¶11} Big Blue's assignment of error is well-taken. We reverse the judgment of the trial court and remand for further proceedings. On remand, the trial court must determine whether Big Blue is entitled to intervene pursuant to Civ.R. 24.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.