[Cite as *Wood v. Fillinger*, 2014-Ohio-1842.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 100464

---

## JOHN WOOD

PLAINTIFF-APPELLANT

vs.

## JUDY FILLINGER, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED IN PART;
### REMANDED IN PART

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-713348

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEY FOR APPELLANT**

John Wood, pro se
281 Corning Drive
Bratenahl, OH   44108


**ATTORNEYS FOR APPELLEES**

Daniel C. Gibson
Nelson M. Reid
Bricker & Eckler L.L.P.
100 South Third Street
Columbus, OH   43215

**Also listed:**

Judy Fillinger, pro se
12614 Britton Drive
Cleveland, OH   44120

SEAN C. GALLAGHER, P.J.:

{¶1} In this foreclosure action, appellant John Wood appeals from various rulings issued by the trial court that denied Wood's initial motion for default judgment, granted a motion to intervene, and granted summary judgment in favor of the intervenor. For the reasons stated herein, we affirm the judgment of the trial court in relation to the assigned errors. However, we sua sponte remand the matter to the trial court to vacate the default judgment that was eventually rendered against RBC Mortgage Company and to enter an order dismissing RBC from the action because it was not a real party in interest.

{¶2} On September 12, 2009, appellant loaned Judy Fillinger $110,000 on a promissory note that was secured by a mortgage on Fillinger's property located at 3718 Ingleside Road in Shaker Heights ("the property"). On December 18, 2009, appellant filed a foreclosure action against Fillinger, alleging a default on the note. The complaint also named defendant RBC Mortgage Company ("RBC") as having an interest in the property.

{¶3} The preliminary judicial report that was attached to the complaint reflected that the mortgage from Fillinger to Wood was filed on September 15, 2009. It also listed a mortgage that had been previously recorded on July 9, 2004, between Fillinger and MERS. That mortgage designated MERS, as nominee for the lender RBC, as the mortgagee. The mortgage secured repayment on a promissory note in the original principal amount of $139,000 between RBC and Fillinger.

**{¶4}** Appellant filed a motion for default judgment on February 11, 2010. Following a hearing, the court magistrate denied the motion. The magistrate determined that appellant had failed to name all necessary parties to the case, including the current holder of the first mortgage and the unknown spouse of defendant Judy Fillinger. Thereafter, upon appellant's request, the magistrate issued findings of fact and conclusions of law on September 2, 2010. The magistrate recognized that the preliminary judicial report had listed a mortgage recorded on July 9, 2004, from Fillinger to "[MERS] as nominee for RBC Mortgage Company." Appellant requested findings of fact. The magistrate determined that RBC was not a proper party to the action and that MERS had a legal interest in the property and was a necessary party to the action. Further, the magistrate indicated that none of the documents in the record reflected Fillinger's marital status and that the naming of an unknown spouse was necessary.

**{¶5}** Also on September 2, 2010, Chase Home Finance L.L.C. ("Chase") filed a motion to intervene as a party defendant and to file an answer, cross-claim and counterclaim.[1] Chase asserted that it held a valid lien on the property by virtue of a valid mortgage and assignment of mortgage, copies of which were attached to its motion. The assignment of mortgage was made from MERS, as nominee for RBC, to Chase on or about August 18, 2010, and recorded on August 24, 2010. The trial court granted the motion to intervene.

---

[1] JPMorgan Chase Bank, National Association is the successor by merger to Chase Home Finance L.L.C.

{¶6} Thereafter, on September 27, 2010, the trial court overruled appellant's objection to the magistrate's decision and noted that it had recently granted Chase's motion to intervene.

{¶7} Fillinger filed a pro se answer to Chase's counterclaim and filed a counterclaim against Chase. Appellant filed an amended complaint on October 25, 2010, which included a claim of fraud against Chase and MERS.

{¶8} After further proceedings in the matter, Chase filed a motion for summary judgment on March 29, 2012. Chase presented evidence, including documents and a supporting affidavit, showing the assignment of the mortgage from MERS to Chase and establishing it as the holder of the note, which is endorsed in blank, and servicer for the loan. Chase also presented evidence of Fillinger's default and the amount due and owing. Chase further refuted the claims raised against it in the action.

{¶9} Appellant filed a response and filed new motions for default judgment. Default judgment was granted against RBC and Fillinger.

{¶10} On April 26, 2013, the magistrate issued a decision granting summary judgment to Chase. The trial court overruled objections, adopted the magistrate's decision, and entered judgment in favor of Chase on August 30, 2013. This appeal followed.

{¶11} Under his first assignment of error, appellant claims the trial court erred in denying his motion for default judgment of February 11, 2010. The record reflects that the trial court ultimately granted default judgment against RBC and Fillinger. Because

disposition of the issues presented under the assignment of error would not result in any meaningful relief since default judgment has already been rendered, this assignment of error is moot, and we need not address the issues raised thereunder. Nonetheless, to the extent that the trial court ultimately granted default judgment against RBC, we sua sponte find that plain error occurred because RBC was not a real party in interest to the action.[2] "In foreclosure actions, the real party in interest is the current holder of the note and mortgage." *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, 938 N.E.2d 74, ¶ 13 (9th Dist.), quoting *Everhome Mtge. Co. v. Rowland*, 10th Dist. Franklin No. 07AP-615, 2008-Ohio-1282, ¶ 12. Therefore, we remand the matter to the trial court to vacate the default judgment against RBC and issue an order dismissing RBC from the action.

{¶12} Under his second assignment of error, appellant claims the trial court erred in finding Chase received a mortgage from Fillinger in 2004 instead of 2010. The argument is based upon a statement in the magistrate's decision, which was adopted by the court, that indicated Fillinger executed and delivered a mortgage to Chase, rather than RBC, in 2004. Appellant concedes that this was likely a clerical error. While the trial court misstated the facts in this regard, we find any error was harmless.

---

[2] While appellate review is generally confined to the assignments of error raised on appeal, it is within our discretion to sua sponte notice plain error under exceptional circumstances. *See Rose v. Cochran*, 2d Dist. Montgomery No. 25498, 2013-Ohio-3755, ¶ 40; Civ.R. 52. Allowing default judgment to stand against RBC would be a manifest injustice because it is not a real party in interest to the case.

**{¶13}** The record clearly reflects that Chase acquired the mortgage, which had been filed with the recorder in 2004, by assignment on August 18, 2010. The trial court recognized the assignment in its decision. Appellant's second assignment of error is overruled.

**{¶14}** Under his third assignment of error, appellant claims the trial court erred in allowing Chase to intervene and to enforce a mortgage it obtained during lis pendens. Appellant argues that the only previously recorded mortgage to him on the property was the 2004 mortgage between Fillinger and MERS, as nominee for RBC. He erroneously argues that the doctrine of lis pendens should apply to bar Chase from intervening in the action because Chase's interest, via the assignment of the mortgage, was obtained after the commencement of the action.

**{¶15}** The doctrine of lis pendens is codified in R.C. 2703.26 and provides as follows:

> When a complaint is filed, the action is pending so as to charge a third persons [sic] with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.

"The general intent and effect of the doctrine of lis pendens is to charge third persons with notice of the pendency of an action, and to make any interest acquired by such third persons subject to the outcome and judgment or decree of the pending lawsuit." *Nationstar Mtge., L.L.C. v. Kereszturi*, 11th Dist. Trumbull No. 2013-T-0065,

2013-Ohio-5849, ¶ 7, quoting *Irwin Mtge. Corp. v. Dupee*, 197 Ohio App.3d 117, 2012-Ohio-1594, 966 N.E.2d 315, ¶ 9 (12th Dist.). Lis pendens does not prevent a party, who obtains an interest in a property after a foreclosure complaint is filed against such property, from intervening in the action to protect their interest in the property. *Nationstar* at ¶ 8.

**{¶16}** The issues raised by appellant in this appeal appear to be nothing more than an attempt to extinguish a superior lien on the property. Pursuant to R.C. 5301.23, mortgages take effect in the order of their presentation to the recorder for record and the mortgage recorded first in time obtains priority. *ABN AMRO Mtge. Group, Inc. v. Kangah*, 126 Ohio St.3d 425, 2010-Ohio-3779, 934 N.E.2d 924, ¶ 7. In this matter, the mortgage between Fillinger, as mortgagor, and MERS, as nominee for RBC, as mortgagee, was the first mortgage lien on the property. The first mortgage lien remained a superior lien on the property and was not extinguished by MERS's involvement or the assignment to Chase.

**{¶17}** The purpose of recording mortgages and other encumbrances on property is to give notice to bona fide purchasers of the mortgage holder's lien. Pursuant to R.C. 5301.25, before an instrument conveying or encumbering real property is recorded, it shall be deemed fraudulent as against subsequent bona fide purchasers who are without knowledge or notice. By recording a mortgage, the lienholder may claim that all subsequent purchasers of the property have been constructively notified of the lien. The recorded mortgage also protects the lienholder by giving the lienholder priority of interest

in the secured property. *See, e.g., Swallie v. Rousenberg*, 190 Ohio App.3d 473, 2010-Ohio-4573, 942 N.E.2d 1109 (7th Dist.). R.C. 5301.25 has no effect on a mortgagor's payment obligation to the mortgagee, whether or not the mortgage was recorded. *Daniely v. Accredited Home Lenders,* 8th Dist. Cuyahoga No. 99208, 2013-Ohio-4373, ¶ 12.

{¶18} Here, appellant seemingly argues that a default by RBC should have extinguished the superior lien on the property and left Chase without any mortgage interest to assert. Like the trial court, we will not disregard that appellant had notice of a superior lien held by MERS, as nominee for RBC, yet he failed to bring MERS into the case. Further, to suggest that appellant's interest in the property somehow trumps the original recorded interest of RBC, which was subsequently assigned to Chase, would violate principles of equity law.

{¶19} Because MERS was designated as both the nominee for the lender and the mortgagee, it had the authority to assign the mortgage. *Amir Jamal Tauwab v. Huntington Bank*, 8th Dist. Cuyahoga No. 96996, 2012-Ohio-923, ¶ 8. MERS exercised this authority and assigned the mortgage to Chase. The record also reflects that Chase is the holder of the note, which was endorsed in blank.

{¶20} By virtue of the assignment, Chase held the first mortgage lien on the property and was the real party in interest in the action. The assignment of the mortgage "shall transfer not only the lien of the mortgage but also all interest in the land described in the mortgage." R.C. 5301.31. The purpose of the recording of the assignment was

simply to provide notice to all interested in the mortgaged premises of the right of the assignee in the mortgage.

{¶21} Pursuant to Civ.R. 24(A)(2), intervention in an action shall be permitted upon timely application

> when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Because Chase held an interest in the property subject to the foreclosure action and the requirements for intervention were satisfied, the trial court did not err in allowing Chase to intervene. Appellant's third assignment of error is overruled.

{¶22} Judgment affirmed in part and remanded in part with instructions for the trial court to vacate the entry of default judgment against RBC and dismiss RBC from the action.

> It is ordered that appellees recover from appellant costs herein taxed.

> The court finds there were reasonable grounds for this appeal.

> It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

> A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR