[Cite as *Fantozz v. Cordle*, 2015-Ohio-4057.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Jo Dee Fantozz, Erie Co. Treasurer                    Court of Appeals No. E-14-130

    Appellee                                                          Trial Court No. 2009-CV-0525

v.

John A. Cordle, et al.

    Defendants                                              **DECISION AND JUDGMENT**

[Diana Young—Appellant]                                Decided:  September 30, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Jason R. Hinners, Assistant Prosecuting Attorney, for appellee.

William H. Smith, Jr., for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} This case began as a complaint in foreclosure in the Erie County Court of

Common Pleas.  The plaintiff, and appellee herein, is Jo Dee Fantozz, Erie County

Treasurer.  The named defendants are John A. Cordle, Conseco Bank, Inc., and Green Tree Servicing, LLC.

{¶ 2} At issue in this appeal is the trial court's denial of appellant Diana Young's motion to intervene.  For the reasons set forth below, we affirm.

## II.  Facts and Procedural History

{¶ 3} This case involves a home located at 506 McKelvey Street, in Sandusky, Ohio.  On June 17, 2009, the Erie County Treasurer filed a tax foreclosure action against the homeowner, John A. Cordle, and lienholders, Conseco Bank, Inc. and Green Tree Servicing, LLC.  The property had been tax delinquent since 2005.  Appellee claimed a valid first lien on the property and sought to foreclose Cordle's rights in the property.

{¶ 4} None of the parties answered the complaint or otherwise responded. Appellee moved for, and was granted, a default judgment as to each of the named defendants.  On April 22, 2010, the trial court ordered Cordle's rights in the premises foreclosed and the property sold.

{¶ 5} The property was offered at two sheriff's sales, in July and October of 2010, for a minimum bid of $28,500.  There were no bidders at either sale.

{¶ 6} After the second failed sheriff's sale, appellant contacted appellee. According to the record, appellant inquired about obtaining title to the property from Cordle and paying the delinquent real property taxes in full.

2.

{¶ 7} On December 17, 2010, Cordle transferred his rights in the property to appellant via a quitclaim deed. According to the deed, appellant paid no consideration for the property.

{¶ 8} On May 31, 2011, appellee's counsel notified Cordle and appellant in writing that if the taxes and costs were not paid in full by June 30, 2011, then a third sheriff's sale would go forward. On June 30, 2011, appellee contacted appellant again to advise her that it would dismiss the foreclosure case upon payment of taxes and court costs, totaling $10,534.27. The property remained delinquent.

{¶ 9} Appellant recorded the quitclaim deed with the Erie County Recorder on August 30, 2011. Despite her purported interest in the property, appellant paid no real estate taxes.

{¶ 10} The third sheriff's sale proceeded on October 18, 2011, for a minimum bid price of $15,000. There were no bidders. Following the third sale, appellee communicated with appellant by phone, and in writing, to advise her that the state intended to pursue forfeiture of the property unless she paid the delinquent property taxes in full.

{¶ 11} No payments were forthcoming. Accordingly, on February 26, 2013, appellee filed an application to forfeit land, and the property was forfeited to the state on April 30, 2013.

{¶ 12} The property was then offered at an auditor's sale. There were no bidders at the first sale, but at a second sale, held on December 12, 2013, the property was sold.

3.

The minimum bid at the second sale was $50, and the property was purchased by Mary Anne Leone. By auditor's deed, recorded on January 9, 2014, the property was transferred to Leone. Also on that date, appellant was served with a notice to vacate the premises.

{¶ 13} Six weeks later, on February 24, 2014, appellant filed a "motion to intervene and for relief from judgment." By order dated October 15, 2014, the trial court denied the motion. On November 14, 2014, appellant filed a notice of appeal, claiming three assignments of error:

APPELLANT'S ASSIGNMENT OF ERROR NO. 1:

THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO INTERVENE UNDER OHIO CIVIL RULE 24.

APPELLANT'S ASSIGNMENT OF ERROR NO. 2:

THE TRIAL COURT ERRED IN FINDING APPELLANT'S CLAIM WAS BARRED BY THE DOCTRINE OF LIS PENDENS.

APPELLANT'S ASSIGNMENT OF ERROR NO. 3:

THE TRIAL COURT ERRED RULING THAT FORFEITURE IS NOT A NEW CAUSE OF ACTION AND DID NOT REQUIRE NEW NOTICE TO BE GIVEN.

4.

### III.  Law and Analysis

{¶ 14} First, we note that appellant does not challenge the trial court's denial of her motion for relief from judgment pursuant to Civ.R. 60(B).

{¶ 15} In her first assignment of error, appellant claims that the trial court erred in denying her postjudgment motion to intervene.  Appellant claims a right to intervene under Civ.R. 24(A), which provides,

> **Intervention of right:**  Upon timely application anyone shall be permitted to intervene in an action: * * * when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶ 16} A trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion.  *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St. 3d 501, 503, 696 N.E.2d 1058 (1998).  An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude.  *Id.*, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1977).

**{¶ 17}** Whether a motion to intervene is timely depends on the facts and circumstances of the case. *Id.* The following factors are considered in determining timeliness:

"(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of [her] interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after [she] knew or reasonably should have known of [her] interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Id.*, quoting *Triax Co. v. TRW, Inc.,* 724 F.2d 1224, 1228 (6th Cir.1984).

**{¶ 18}** Weighing heavily against appellant is the fact that the case had long since reached a final judgment by the time she filed her motion to intervene. Indeed, the trial court issued the judgment entry in foreclosure and order of sale on April 22, 2010, nearly four years before appellant filed her motion. "Intervention after final judgment has been entered is unusual and ordinarily will not be granted." *Id*. at 503-04.

**{¶ 19}** Appellant claims that she did not know of the forfeiture proceeding until January of 2014, when she was served with the notice to vacate. She further adds that at "no time before this did [appellant] reasonably know that she should have intervened."

6.

{¶ 20} Appellant offers no explanation as to why she did not seek to intervene immediately when served and/or why it took six weeks to file the motion. Moreover, the records indicate that she was fully aware of the foreclosure and forfeiture proceedings. Certainly, upon filing the quitclaim deed in August of 2011, appellant was made aware of the foreclosure action, not to mention the tax delinquency. Indeed, by letter dated April 30, 2012, appellant was advised in writing that the "property is subject to an active tax foreclosure (Erie County Case No. 2009-CV-0525)."

{¶ 21} In addition, appellant was advised on multiple occasions, in writing, that the state was pursing forfeiture of the property. On May 2, 2012, counsel for appellee wrote to appellant, "per our conversation today * * * I will not file the Application for forfeiture until July 1, 2012. This will allow you additional time to pay the delinquent amount in full." Appellant was offered another opportunity to avoid forfeiture by letter dated October 5, 2012. Appellant does not contest the authenticity of the records, nor claim that they are inaccurate.

{¶ 22} Appellant claims that she made arrangements to pay the back taxes but offers no explanation as to why she never followed through. Moreover, the exhibit she cites to support her claim is nothing more than a blank "Agreement for Automatic Withdrawal for Real Estate Taxes" from the Erie Treasurer's Office. Appellant did not provide any of the requisite banking information and authorization that would have supported her contention that she intended to satisfy the delinquency.

7.

**{¶ 23}** In short, we agree with the trial court that, to the extent that there are unusual circumstances herein, they weigh against, not in favor of, intervention. We see no abuse of discretion by the trial court in denying her motion to intervene. Appellant's first assignment of error is not well-taken.

**{¶ 24}** In her second assignment of error, appellant argues that the trial court erred in finding that her motion to intervene was barred under the doctrine of lis pendens.

**{¶ 25}** Lis pendens is codified in Ohio in R.C. 2703.26. The statute provides, "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

**{¶ 26}** "Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment." *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, ¶ 16 (8th Dist.). While the doctrine does not prevent persons from transacting an interest in the property during the pending lawsuit, it "places any such conveyed interest at risk and notifies the parties that they 'are bound' by the decree and sale thereunder." *Id.*; *Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 150 Ohio App.3d 728, 2002-Ohio-7078, 782 N.E.2d 1225, ¶ 30 (1st Dist.). Thus, one who acquires an interest in the property during the pending lawsuit "takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset." *Cook v. Mozer*, 108 Ohio St.

8.

30, 36, 140 N.E. 590 (1923). "The purpose of lis pendens is to protect the plaintiff's interest in the subject property." *Irwin Mtge. Corp. v. DuPee*, 197 Ohio App.3d 117, 2012-Ohio-1594, 966 N.E.2d 315, ¶ 10 (12th Dist.).

{¶ 27} Appellant is a third party who acquired an interest in the property, via a quitclaim deed, during the pendency of the foreclosure action. Appellant obtained that interest "at [her] peril" and "is bound by the trial court's foreclosure entry and the sale of the property." *Buckner v. Bank of New York*, 12th Dist. Clermont App. No. CA2013-07-053, 2014-Ohio-568, ¶ 32. We find that the trial court did not err in denying appellant's motion based, in part, by the application of lis pendens. Appellant's second assignment of error is not well-taken.

{¶ 28} In appellant's third assignment of error, she argues that the forfeiture phase of this action was actually a new cause of action, distinct from the tax foreclosure action, and necessitated notice to her, pursuant to Civ.R. 4.1.

{¶ 29} We disagree. The forfeiture process is governed by R.C. 5723.01. The statute provides detailed procedures before forfeiture can be effectuated. It does not, however, provide that such a proceeding is a new and distinct cause of action; that the parties to the action must be served pursuant to Civ.R. 4.1; or that non-parties must be served in any manner. Moreover, as discussed, it bears repeating that appellant received repeated, actual notice of the forfeiture proceeding.

9.

{¶ 30} We agree with the trial court that appellant was not, as a matter of law, entitled to notice under the civil rules. Appellant's third assignment of error is not well-taken.

## IV. Conclusion

{¶ 31} Based on the foregoing, the trial court did not err by denying appellant's motion to intervene. Accordingly, the judgment of the Erie County Court of Common Pleas is affirmed. Costs are assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                                                                JUDGE

Stephen A. Yarbrough, P.J.

                                                       _____

James D. Jensen, J.                                                JUDGE
CONCUR.

                                                       _____
                                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.