[Cite as *Clinton v. Home Invest. Fund*, 2020-Ohio-4555.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICK D. CLINTON, | : | APPEAL NO. C-190646 |
| | | TRIAL NO. A-1801700 |
| and | : | |
| ALICIA K. CLINTON, | : | *O P I N I O N.* |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| HOME INVESTMENT FUND V, LP, | : | |
| Successor in Interest to Mortgage | | |
| Electronic Registration Systems, Inc., | : | |
| as Nominee for The Huntington | | |
| National Bank, | : | |
| Defendant/Third-Party Plaintiff-Appellant, | : | |
| and | : | |
| UNION SAVINGS BANK, | : | |
| Third-Party Defendant-Appellee, | : | |
| and | : | |
| JIHAD KASSEM, | : | |
| Third-Party Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  September 23, 2020

*Sikora Law LLC, Richard T. Craven, George H. Carr* and *Michael R. Neiman,* for
Plaintiffs-Appellees Patrick D. Clinton and Alicia K. Clinton,

*Wood & Lamping LLP* and *C.J. Schmidt,* for Defendant/Third-Party Plaintiff-Appellant Home Investment Fund V, LP,

*Strauss Troy Co., LPA, C. Richard Colvin* and *Alex S. Rodger,* for Third-Party Defendant-Appellee Union Savings Bank.



**CROUSE, Judge.**

{¶1} Currently pending before this court is defendant/third-party plaintiff-appellant Home Investment Fund V, LP's, ("HIFV") appeal from the trial court's grant of summary judgment in favor of plaintiffs-appellees Patrick and Alicia Clinton. This appeal centers around real property located at 4417 Floral Avenue, Norwood, Ohio. During the pendency of this appeal, the Clintons sold the property to Ashley Chase and Scott Harvey (the "Purchasers"), who are not parties to this appeal. The Clintons and third-party defendant-appellee Union Savings Bank moved this court to dismiss the appeal as moot since neither the Clintons nor Union Savings Bank continue to have any interest in the subject property. HIFV agrees that the Clintons and Union Savings Bank should be dismissed, but they argue that this appeal is not moot based on the doctrine of lis pendens. Having considered the arguments of the parties, we find that this appeal must be dismissed as moot for the reasons set forth below.

I.

{¶1} On January 24, 2008, Jihad Kassem executed and delivered to The Huntington National Bank a promissory note in the amount of $190,000. As security for payment on the note, Kassem executed a mortgage on real property located at 4417 Floral Avenue, Norwood, Ohio. The mortgage designated Huntington Bank as the lender and Mortgage Electronic Registration Systems, Inc., ("MERS") (solely as nominee for the lender) as the mortgagee. Kassem eventually defaulted on the note.

{¶2} Kassem also defaulted on his property-tax obligations. In December 2015, Adair Asset Management, LLC, ("Adair") which had acquired the property-tax certificates, filed a foreclosure action against Kassem. Adair sought a sale of the subject property and payment in the first-priority-lien position. The complaint

named as defendants Jihad Kassem, the unknown spouse of Jihad Kassem, the Hamilton County treasurer, and Huntington Bank. MERS was not named as a defendant in the action. Although named as a defendant, Huntington Bank did not respond to the complaint.

{¶3} On March 24, 2016, the trial court entered judgment in favor of Adair and adjudicated Huntington Bank as being in default. The court entered a decree of foreclosure and confirmed a sheriff's sale of the property. On September 6, 2016, the court ordered a distribution of the sale proceeds and extinguished Huntington Bank's mortgage on the property.

{¶4} On January 2, 2018, MERS assigned its interest in Huntington Bank's mortgage to HIFV. On March 29, 2018, Carole Kassem, the purchaser of the subject property, initiated a quiet-title action against MERS. After the complaint was filed, Carole sold the property to Patrick and Alicia Clinton. The Clintons executed a promissory note and mortgage in favor of Union Savings Bank to purchase the property. The Clintons promptly substituted as plaintiffs in the quiet-title action.

{¶5} On July 5, 2018, HIFV, as the successor in interest to MERS, filed an answer in the quiet-title action. HIFV also asserted a counterclaim against the Clintons and filed a third-party complaint against Union Savings Bank for foreclosure. HIFV argued that because MERS was not named as a defendant in the tax-foreclosure case, the Huntington Bank mortgage remained a valid lien on the subject property despite the trial court's order.

{¶6} The parties filed cross-motions for summary judgment on September 11 and 12, 2019. Following extensive briefing from the parties and the submission of numerous exhibits, the trial court determined that MERS was not a necessary party

to the tax-foreclosure case. On November 1, 2019, the court entered judgment quieting title in favor of the Clintons and Union Savings Bank.

{¶7} On November 7, 2019, HIFV filed a notice of appeal. HIFV did not file for a stay of execution and did not post a supersedeas bond. During the pendency of this appeal, the Clintons sold the subject property to the Purchasers. As a result of the sale, the Clintons satisfied their obligations to Union Savings Bank, and Union Savings Bank released its mortgage on the property. The Clintons and Union Savings Bank subsequently moved to dismiss the appeal as moot. HIFV opposed the motion and filed a cross-motion to dismiss, arguing that the Clintons and Union Savings Bank should be dismissed as parties but the appeal should not be dismissed due to the doctrine of lis pendens.

II.

{¶1} Lis pendens is a common-law legal doctrine that literally means "a pending lawsuit." *Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 150 Ohio App.3d 728, 2002-Ohio-7078, 782 N.E.2d 1225, ¶ 30 (1st Dist.). "It means that the filing of a lawsuit concerning specific property gives notice to others of the claim alleged in the lawsuit and that a purchaser of the property may take the property subject to the outcome of the lawsuit." *Id.*

{¶2} R.C. 2703.26 codifies the doctrine of lis pendens. R.C. 2703.26 provides: "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

{¶3} Lis pendens is a procedural device designed to protect the status quo of the litigants' interest in the subject property while an action is pending. *A.P.W.O., Inc. v. Toebben, Ltd.*, 1st Dist. Hamilton No. C-920147, 1993 WL 323395, *1 (Aug. 25, 1993);

*Katz v. Banning*, 84 Ohio App.3d 543, 617 N.E.2d 729 (10th Dist.1992); *Irwin Mtge. Corp. v. DuPee*, 197 Ohio App.3d 117, 2012-Ohio-1594, 966 N.E.2d 315, ¶ 9 (12th Dist.). "If applicable, it does not prevent persons from transacting an interest in the property subject to litigation. Any conveyed interest, however, becomes subject to the outcome of the pending litigation." *Cincinnati ex rel. Ritter* at ¶ 31.

{¶4} Lis pendens operates only while the action is pending. R.C. 2703.26 provides that an action begins pending "[w]hen a complaint is filed." However, R.C. 2703.26 does not provide for a terminating event. The Clintons and Union Savings Bank contend that lis pendens terminated when the trial court entered summary judgment in their favor. They claim that lis pendens does not continue on appeal unless and until the losing party obtains a stay and posts a supersedeas bond. On the other hand, HIFV contends that lis pendens automatically continues on appeal and does not terminate until all of the legal proceedings concerning the subject property have concluded. It argues that it is unnecessary to file a stay.

{¶5} The Clintons and Union Savings Bank argue that we should follow our precedent in *A.P.W.O., Inc. v. Toebben, Ltd.*, and dismiss the case as moot.

{¶6} In *A.P.W.O., Inc.*, the plaintiff property owners filed an action against tenant A.P.W.O. seeking a declaration that a lease involving the subject property was void. The trial court ruled in favor of the plaintiffs, finding the lease void. A.P.W.O. appealed the judgment, but did not obtain a stay of execution or post a supersedeas bond. During the pendency of the appeal, the plaintiffs sold the subject property to Toebben. A.P.W.O. subsequently brought a damages action against Toebben for breach of lease. The trial court granted summary judgment in favor of Toebben, finding that the effectiveness of the declaratory judgment was not properly stayed pending appeal.

{¶7} On appeal of the damages action, this court effectively held that lis pendens terminates upon a final judgment in the trial court. This court reasoned that lis pendens is a procedural doctrine, and therefore, is superseded by App.R. 7 and Civ.R. 62. *A.P.W.O., Inc.*, 1st Dist. Hamilton No. C-920147, 1993 WL 323395, at *1. Accordingly, a party must seek a stay of judgment pending appeal in order to reinvoke lis pendens and protect its interest in the underlying property.

{¶8} HIFV argues that we should decline to follow the decision in *A.P.W.O., Inc.*, because it concerned a lease dispute, and unlike HIFV's mortgage, the lease was not recorded in the Hamilton County records. Thus, HIFV argues that *A.P.W.O., Inc.*, does not address the issue of eliminating a recorded interest in real estate, and is inapplicable. HIFV contends that we should instead follow the Fifth District case of *Sayer v. Epler*, 5th Dist. Licking Nos. 00CA76 and 00CA85, 2001 WL 815507 (Jul. 9, 2001).

{¶9} In *Sayer*, the plaintiff-administrator filed an action seeking a declaration that the subject property was included in the probate estate. The trial court dismissed the action and the defendant sold the property. The plaintiff subsequently filed a notice of appeal. On appeal, the Fifth District reversed and remanded the case to the trial court. The trial court again dismissed the action on the grounds that the purchasers of the property obtained their interest in the property without notice of the lawsuit, and therefore, were bona fide purchasers. The trial court concluded that the doctrine of lis pendens could not be invoked to provide constructive notice because the plaintiff failed to obtain a stay or post a bond prior to filing the appeal.

{¶10} The Fifth District reversed, holding that the doctrine of lis pendens applied to prevent the purchasers from claiming bona-fide-purchaser status. The Fifth District found that the purchasers had been served with the summons and complaint prior to the sale, and that the appeal was pending at the time of closing. Therefore, the

Fifth District concluded that the purchasers knew claims were pending against the property and that the plaintiff's failure to obtain a stay did not give the purchasers the right to rely upon the trial court's judgment.

{¶11} The dissent concluded that the doctrine of lis pendens did not apply. The dissent agreed with the purchasers' reliance on *A.P.W.O., Inc.* However, instead of relying on the interplay of R.C. 2703.26 and App.R. 7, the dissent ultimately relied on the finality of the trial court's judgment. The dissent found that the original action had been finally determined by the trial court and that the trial court's judgment was effective upon its filing. Therefore, the dissent concluded that the judgment was fully enforceable absent a stay of execution and the purchasers had a right to rely upon the finality of the judgment.

{¶12} We find *A.P.W.O., Inc.*, to be applicable to this case. As discussed above, Ohio courts have universally held that lis pendens is a procedural doctrine, and thus, R.C. 2703.26 is a procedural statute. *A.P.W.O., Inc.*, made clear that "[a]s a procedural statute, it has been superseded by App.R. 7 and Civ.R. 62." *A.P.W.O., Inc.* at *1, citing Article IV, Section 5(B), Ohio Constitution. Therefore, the trial court's November 1, 2019 judgment in this case was effective upon its filing and fully enforceable until stayed or reversed on appeal. HIFV never obtained a stay of execution or posted a supersedeas bond in order to reinvoke lis pendens. Accordingly, when the subject property was sold to purchasers who are not parties to this appeal, the appeal became moot and must be dismissed.

Appeal dismissed.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

